*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0121**

State of Minnesota,
Respondent,

vs.

Stevie Birdie Daniels,
Appellant.

**Filed January 25, 2016
Affirmed
Ross, Judge**

Ramsey County District Court
File No. 62-CR-14-4437

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Chutich, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Appellant Stevie Daniels challenges his conviction of financial transaction card

fraud arising from his attempts to use a woman's credit card without permission to buy

multiple $100 gift cards at a St. Paul Target store. Daniels argues that the district court improperly admitted *Spreigl* evidence of an incident that was not proved by clear and convincing evidence. He also argues that the trial evidence is insufficient to prove his identity beyond a reasonable doubt. Because we agree with the district court that the *Spreigl* incident was adequately proved and because sufficient evidence demonstrates Daniels's identity, we affirm.

## FACTS

In November 2013 C.K. was having dinner at the Fujiya restaurant in St. Paul when someone stole the wallet from her purse. That same evening a man used one of her stolen credit cards attempting to purchase five $100 gift cards at the University Avenue Target store, but he was able to purchase only four cards in two separate transactions. Video surveillance footage shows that the card purchaser was a middle-aged, African-American man who wore a trench coat, tie, and a hat, and who arrived at the store by taxi. St. Paul police officer Shawn Shanley investigated but was unable to identify the man.

More than six months passed when, on a June 2014 evening, an African-American man wearing a light brown suit walked into the Wild Onion Bar and Restaurant in St. Paul. The man walked past the hostess and stood by high top tables near the bar. He did not purchase anything or speak to anyone, and he left after about 15 minutes. One half hour later, the same man arrived by taxi at the University Avenue Target store. He attempted to purchase five $100 gift cards with a credit card. The transaction was denied, and a store supervisor confronted the man. The supervisor noticed that the credit card the man had used for the purchase was inscribed with a woman's name. The supervisor asked the man

2

to identify himself, and the man abruptly left. Coincidentally, it was Officer Shanley who was off duty from his regular shift at the police department and working security at the Target store. Officer Shanley followed the man from the store and saw him throw something into a trash can. When the officer tried to talk to the man and told him he intended to conduct a pat search, the man ran away. Police caught him and identified him as Stevie Daniels. An officer found a woman's credit card in the trash can.

The state charged Daniels with financial transaction card fraud in violation of Minnesota Statutes section 609.821, subdivision 2(1) (2012), for the November 2013 gift-card purchases. Before trial, the district court ruled that the later, June 2014 incident was admissible *Spreigl* evidence to show the 2013 thief's identity and modus operandi. The district court found Daniels guilty following a bench trial.

Daniels appeals his conviction.

## D E C I S I O N

## I

Daniels argues that the district court improperly admitted evidence of the June 2014 incident. Evidence of other crimes, wrongs, or acts—commonly known as *Spreigl* evidence—is inadmissible to prove the defendant's character. Minn. R. Evid. 404(b); *State v. Spreigl*, 272 Minn. 488, 490, 139 N.W.2d 167, 169 (1965). But the evidence can be used to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Minn. R. Evid. 404(b). We review the admission of *Spreigl* evidence for abuse of discretion. *State v. Campbell*, 861 N.W.2d 95, 102 (Minn. 2015).

The district court may admit *Spreigl* evidence under limited conditions:

> (1) the prosecutor gives notice of its intent to admit the evidence consistent with the Rules of Criminal Procedure; (2) the prosecutor clearly indicates what the evidence will be offered to prove; (3) the other crime, wrong, or act and the participation in it by a relevant person are proven by clear and convincing evidence; (4) the evidence is relevant to the prosecutor's case; and (5) the probative value of the evidence is not outweighed by its potential for unfair prejudice to the defendant.

Minn. R. Evid. 404(b).

Daniels argues that the state failed to prove the June 2014 incident by clear and convincing evidence because the state did not present evidence showing that the credit card used in that transaction was stolen from the Wild Onion or that the credit card found in the trash can was associated with the attempted transaction. The argument is unconvincing and we hold that clear and convincing evidence establishes that the June 2014 incident was an apparent financial transaction card fraud. A person commits financial transaction card fraud when he "without the consent of the cardholder, and knowing that the cardholder has not given consent, uses or attempts to use a card to obtain the property of another, or a public assistance benefit issued for the use of another." Minn. Stat. § 609.821, subd. 2(1) (2012). Daniels therefore incorrectly asserts that the state had to prove that the card had been stolen. The relevant fact question was whether he lacked consent when he used the card, and the evidence sufficiently answers that question: Daniels attempted to use a woman's credit card to buy Target property; he abruptly left the store after a supervisor confronted him about the attempt; he tossed a woman's credit card in the trash can as he left the store; and he ran from a police officer who was attempting to investigate his

4

conduct. This evidence is enough to show beyond a reasonable doubt both that Daniels lacked consent to use the credit card and that he knew he lacked consent. The district court did not abuse its discretion by admitting the 2014 incident as *Spreigl* evidence in the trial for the 2013 crime.

Daniels also contends that the incident was inadequately proved because no witnesses—such as the store's cashier or the woman whose card was stolen—testified at the pretrial hearing. But Minnesota law does not require the state to call witnesses to testify at a hearing to determine the admissibility of *Spreigl* evidence. *State v. Kennedy*, 585 N.W.2d 385, 390 (Minn. 1998) (citing *State v. Lindahl*, 309 N.W.2d 763, 766 (Minn. 1981)). And the trial evidence matched what the state claimed in the pretrial hearing.

**II**

Daniels argues that the state failed to prove his identity to the district court beyond a reasonable doubt. Appellate courts apply the same standard of review for bench and jury trials when evaluating the sufficiency of the evidence. *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011). When considering an insufficient-evidence claim, we review the record for evidence that, when viewed in a light most favorable to the conviction, would allow a fact-finder to find the defendant guilty. *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012). We assume that the fact-finder believed the state's witnesses and disbelieved all contrary evidence. *Id.*

The evidence supporting the identity element of the crime here is both direct and circumstantial. We apply heightened scrutiny to convictions based on circumstantial evidence. *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010). The video surveillance

footage is direct, and the *Spreigl* evidence is circumstantial. *See State v. Montgomery*, 707 N.W.2d 392, 399 (Minn. App. 2005). When an element of an offense is proved by both direct and circumstantial evidence, and the state's direct evidence is insufficient by itself to prove that element, this court has applied the heightened scrutiny test appropriate for convictions based on circumstantial evidence. *State v. Porte*, 832 N.W.2d 303, 309–10 (Minn. App. 2013) (citing *State v. Silvernail*, 831 N.W.2d 594, 602–06 (Minn. 2013) (Stras, J., concurring)).

Officer Shanley could not identify Daniels as the man in the 2013 video footage. And the state concedes that the footage by itself cannot prove identity. Daniels's conviction therefore depends on inferences drawn from the 2014 *Spreigl* incident, so we apply the circumstantial-evidence test.

We follow a two-step approach. *Silvernail*, 831 N.W.2d at 598. We first identify the circumstances proved, deferring to the fact-finder's decision to accept these circumstances. *Id.* at 598–99. We next decide whether the circumstances proved are consistent only with guilt, inconsistent with any rational innocent hypothesis. *Id.* at 599. The circumstantial evidence must "form a complete chain that, in view of the evidence as a whole, leads so directly to the guilt of the defendant as to exclude beyond a reasonable doubt any reasonable inference other than guilt." *Al-Naseer*, 788 N.W.2d at 473 (quotation omitted). For this step, we do not defer to the fact-finder's choice between reasonable inferences. *Silvernail*, 831 N.W.2d at 599.

The evidence sufficiently proves Daniels's identity as the 2013 offender. The circumstances proved are that in November 2013, an African-American man wearing a

trench coat, tie, and a hat, arrived at the University Avenue Target store by taxi and attempted to purchase five $100 gift cards using a credit card stolen from C.K. Six months later, in June 2014, Daniels (an African-American man wearing a suit coat and tie) entered the Wild Onion restaurant in St. Paul, stood by the bar approximately 15 minutes without purchasing anything or talking to anyone, and then took a taxi to the University Avenue Target store where he attempted to use a woman's credit card without permission to purchase five $100 gift cards.

The two distinctive incidents share striking similarities: both crimes involved a woman's credit card used without authorization at the same Target store by a professionally dressed African-American man who arrived by taxi and attempted to purchase five gift cards each valued at $100. The only hypothesis inconsistent with guilt is that in June 2014 Daniels coincidentally or intentionally committed a copycat crime mimicking the one committed by some unidentified 2013 thief. Although this scenario is not unimaginable, it is far too unlikely to be reasonable. The only reasonable inference from the circumstantial evidence is the one drawn by the district court acting as fact-finder: Daniels was caught taking his second bite at the same apple. He had executed the identical ploy once before, and he is, beyond any reasonable doubt, the man captured in the November 2013 surveillance footage.

**Affirmed.**